## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | 4:06CV3103 |
| | ) | |
| ROBERT W. CHAPIN, JR., | ) | BK04-43062 (Chapter 7) |
| | ) | |
| Debtor. | ) | Adversary No. 04-4111 |
| _____ | ) | |
| HELEN LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT W. CHAPIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the Notice of Appeal (filing 1) filed by plaintiff Helen Lane, who is proceeding pro se and who has elected to have her appeal heard by the district court (filing 4). The adversary proceeding from which Lane's appeal was filed was one to except a debt from discharge under 11 U.S.C. § 523(a)(6). Lane alleged that Robert Chapin, her former bankruptcy lawyer, caused willful and malicious injury to her by missing filing deadlines and court appearances in Lane's bankruptcy, causing her to lose property.

In the adversary proceeding, Chapin filed a motion for summary judgment. Lane then filed a motion for extension of time in which to respond to Chapin's motion because she was in the process of moving after having been evicted from her residence. In a March 6, 2006, order, the bankruptcy court denied Lane's motion for an extension of time because it "would not be helpful to the court in resolving this matter," granted Chapin's motion for summary judgment, and entered judgment in Chapin's favor, finding that while Chapin's failure to make court appearances and meet filing deadlines

was likely negligent, this neglect did not rise to the level "of the type of injurious behavior directed at the plaintiff with the intent of causing her to lose her property." (Bankruptcy Filings 49-51.)

On March 17, 2006, Lane filed a Motion for Rehearing on Plaintiff's Motion for Continuance of Time to Object to Defendant's Motion for Summary Judgment. (Bankruptcy Filing 54.) Lane appeals from the court's order denying her motion, the text of which appears only on the docket sheet and not as a separate filing. (Docket Sheet in Bankruptcy Proceeding, at Filing 55.) The order from which Lane appeals states:

> The motion is denied. The complaint itself does not state a cause of action. The proposed evidence discussed in the motion is not evidence of "wilfull [sic] and malicious" actions or failures to act. At best, it may be evidence of negligence, but that is not sufficient to support the cause of action which is the subject matter of the adversary proceeding and the motion for summary judgment.

(Id.)

It is not clear whether Lane appeals to this court under 28 U.S.C. § 158(a)(1), which allows district courts to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court or under 28 U.S.C. § 158(a)(3), which authorizes appeals to the district court from the bankruptcy court "with leave of the court, from other interlocutory orders and decrees."

> The determination of the finality of a bankruptcy order is based on "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding."

In re Gaines, 932 F.2d 729, 731 (8th Cir. 1991) (quoting In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir. 1989)).  Suffice it to state that the bankruptcy court's denial of Lane's motion to reconsider its decision to deny Lane's motion for an extension of time in which to respond to the debtor's motion for summary judgment did not have "the effect of finally settling the parties' rights," id. at 732, and did not go to the "core of the bankruptcy process." In re Hayes Bankruptcy, 220 B.R. 57, 61 (N.D. Iowa 1998) (orders that resolve matters other than assets or liabilities of the estate or relative priority of the estate's creditors are not final, such as orders deciding whether to convert proceeding to Chapter 7, to confirm plan, or to extend time for filing objections to discharge)[1]; Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 5.07[5] (15th ed. 2006) (interlocutory order does not finally determine cause of action, but only decides some intervening matter pertaining to the cause; example of interlocutory order is one extending time for filing objection to discharge).

Even if the bankruptcy court's order is not "final" for purposes of 28 U.S.C. § 158(a)(1), the district court may exercise its discretionary authority under 28 U.S.C. § 158(a)(3) to hear the appeal.  The approach typically used by the Eighth Circuit Bankruptcy Appellate Panel in deciding whether to review an appeal from an interlocutory order is to apply the standards found in 28 U.S.C. § 1292(b).[2]  See In re

---

[1]For the same reasons, I also conclude that the bankruptcy court's order does not "conclusively determine" a disputed question or resolve an "important issue" completely separate from the merits of the action such that the order should be treated as final for § 158(a)(1) purposes  under the collateral order doctrine.  In re Hayes, 220 B.R. at 62; Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 5.07[3] (15th ed. 2006) (explaining collateral order doctrine in context of final judgment rule).

[2] While most courts look to § 1292(b) for guidance when considering motions for leave to appeal under § 158(a)(3), a few courts have criticized this approach.  See, e.g., In re Hayes, 220 B.R. at 59 (observing that nothing in the text of § 158(a)(3) indicates a limit on the district court's discretion, and that since the bankruptcy court is a "unit of the district court" under 28 U.S.C. § 151, the district court may review decisions of the bankruptcy court as freely as it may review its own decisions).  I have previously aligned

Machinery, Inc., 275 B.R. 303, 306 (B.A.P. 8th Cir.). Certification under section 1292(b) requires that: "(1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation." Id. Because there has been no showing that this appeal would involve a question of law, let alone a controlling question of law as to which there is a substantial ground for difference of opinion, I find no basis for reviewing Lane's appeal under 28 U.S.C. § 158(a)(3).

I conclude that the bankruptcy court's order denying Lane's Motion for Rehearing on Plaintiff's Motion for Continuance of Time to Object to Defendant's Motion for Summary Judgment is not final and appealable, nor is it an appropriate basis on which to exercise discretionary review.  Accordingly, this appeal shall be dismissed for lack of jurisdiction.

IT IS ORDERED:

1.     Plaintiff's appeal is dismissed for lack of jurisdiction; and

2.     Judgment shall be entered by separate document.

May 25, 2006.

> BY THE COURT:
> s/ *Richard G. Kopf*
> United States District Judge

---

myself with the majority position.  See Matter of Zech, 185 B.R. 334, 336-37 (D. Neb. 1995) (also stating that interlocutory appeals in bankruptcy are not favored).